RECEIVED
AUG 3 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN C. COOKSEY, INDIVIDUALLY AND ON BEHALF OF COOKSEY FOR SENATE, A POLITICAL ACTION COMMITTEE | CIVIL ACTION NO. 04-1152 |
| VERSUS | JUDGE ROBERT G. JAMES |
| THE FEDERAL ELECTION COMMISSION | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Dismiss, or in the Alternative, for Summary Judgment [Doc. No. 9] filed by Defendant the Federal Election Commission ("the FEC"). On June 9, 2005, Magistrate Judge Karen L. Hayes issued a Report and Recommendation recommending that the motion be granted.

On June 24, 2005, Plaintiff John C. Cooksey, individually and on behalf of Cooksey for Senate Finance Committee ("Cooksey"), filed an "Objection to Report and Recommendation of Magistrate Judge" ("Objection") [Doc. No. 20]. On July 8, 2005, the FEC filed its Response [Doc. No. 21].

Because a ruling on a motion to dismiss or a motion for summary judgment involves a case dispositive matter, the Court reviews the magistrate judge's findings, conclusions, and recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985).

Having undertaken a *de novo* review of the entire record, including Cooksey's objections,

this Court ADOPTS the Report and Recommendation of the Magistrate Judge and GRANTS the FEC's Motion to Dismiss, or in the Alternative, for Summary Judgment.

It is clear to the Court that Cooksey and his committee treasurer, Ron Stewart, did not intentionally refuse or fail to comply with the FEC's reporting requirements. Unfortunately, there is no requirement that a party intentionally violate the FEC's reporting requirements before a penalty may be assessed. Even if their failure to file the report was the result of negligence or a misunderstanding of the law, the Court has no recourse but to defer to the FEC's judgment unless there was an error of fact in the agency's findings, or its action was otherwise arbitrary, capricious, an abuse of discretion, or not in accordance with law. As the Magistrate Judge correctly found, neither negligence nor a misunderstanding of the law constitute "extraordinary circumstances" to support Cooksey's contention that there was an error of fact, and he provided no other evidence showing that the FEC was arbitrary or capricious in its findings. Accordingly, the Court has no alternative but to defer to the agency's decision.

Monroe, Louisiana, this 30 day of August, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2